UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **THE MICHAEL PHELPS FOUNDATION,** a nonprofit corporation with its principal place of business in Maine, <br><br> Plaintiff, <br><br> v. <br><br> **DOMAINS BY PROXY, INC.,** an Arizona corporation; and DOES 1-10 <br><br> Defendant. | Civil Action Docket No. ___ |

**COMPLAINT, REQUEST FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL OF PLAINTIFF THE MICHAEL PHELPS FOUNDATION**

NOW COMES the Plaintiff THE MICHAEL PHELPS FOUNDATION ("Plaintiff" or "Phelps Foundation"), by and through undersigned counsel, and makes the following claims against Defendant DOMAINS BY PROXY, INC. and DOES 1-10 ("Defendant") and alleges as follows:

**INTRODUCTION**

1.  The Phelps Foundation is a charitable foundation founded by Michael Phelps, the most decorated Olympian in history.

2.  Michael Phelps established the Phelps Foundation with his well-publicized $1 million bonus from Speedo earned for winning eight (8) gold medals in a single Olympic Games in 2008.

3.      Michael Phelps created the Phelps Foundation after his record setting Olympic performance in 2008 using the MICHAEL PHELPS name and trademark to grow the sport of swimming and promote healthy and active lives, especially for children.

4.      In or around August 2008, just two (2) days after Michael Phelps won his record setting eighth gold medal in a single Olympics (his record fourteenth Olympic gold medal overall) and well after Michael Phelps had generated strong trademark rights in the MICHAEL PHELPS mark, Defendant registered the domain name, <www.michaelphelpsfoundation.com> (the "Disputed Domain").

5.      Since then, the Defendant has used the Disputed Domain to operate a website it calls the "Michael Phelps Foundation."  Upon information and belief, Defendant has no connection or affiliation with Michael Phelps or the duly organized Michael Phelps Foundation.

6.      As a result of Defendant's registration and use of the Disputed Domain, Defendant has caused consumer confusion, mistake, and deception that the Disputed Domain is affiliated, connected, or associated with Michael Phelps and the Phelps Foundation.

7.      The Phelps Foundation brings this action in the District of Maine, its principal place of business, seeking judgment against the Defendant for cybersquatting and infringement of an unregistered trademark; injunctive relief requiring the Defendant to transfer <www.michaelphelpsfoundation.com> to Plaintiff, and damages as a result of Defendant's misconduct.

8.      As a result of Defendant's misconduct, Plaintiff has been damaged.

## PARTIES

9. Plaintiff, the Michael Phelps Foundation, is a District of Columbia nonprofit corporation with its principal place of business in Maine.

10. Defendant Domains by Proxy, Inc. is an Arizona corporation with its principal place of business in Scottsdale, Arizona. Domains by Proxy, Inc. provides a service to domain registrants which allows them to shield their identity from publicly available information.

11. Plaintiff does not know the true names or legal capacities of the Defendants sued herein as DOES 1-10, and therefore sues these Defendants by such fictitious names and will move to amend the Complaint should the identity of DOES 1-10 become known.

12. Upon information and belief, Defendants engaged in a common purpose, conspired to commit, and acted together to achieve the misconduct described herein.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338 because the claims arise under the laws of the United States.

14. This Court has pending jurisdiction over the common law claims as alleged herein.

15. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of property that is the subject of the action is situated within the District. Plaintiff is based in the District, has suffered and continues to suffer harm here.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**The Michael Phelps Foundation and MICHAEL PHELPS Trademark**

16.     Michael Phelps is the most decorated Olympian of all time.  He has won sixteen (16) Olympic medals in all - fourteen (14) gold medals and two (2) bronze medals.  Today, Phelps remains the top swimmer in the world.  He will enter the 2012 Summer Olympics in London, England as the most recognizable Olympian on the planet.

17.     During the 2004 Summer Olympics in Athens, Greece, Michael Phelps won six (6) gold medals and two (2) bronze medals in the sport of swimming, becoming synonymous with Olympic success to billions of people around the world in the process.  In 2004, Phelps won individual gold medals in the 100 meter butterfly, 200 meter butterfly, 200 meter individual medley and 400 meter individual medley.  Phelps also won gold medals as a member of the 4 x 200 meter freestyle relay and 4 x 100 meter medley relay.

18.     At the 2008 Summer Olympics in Beijing, China, Michael Phelps won a record setting eight gold medals in a single Olympics, besting the record of seven gold medals won in one Olympic Games by Mark Spitz in 1972.  In 2008, Phelps won individual gold medals in the 100 meter butterfly, 200 meter butterfly, 200 meter freestyle, 200 meter individual medley and 400 meter individual medley.  Phelps also won gold medals as a member of the 4 x 100 meter freestyle relay, 4 x 200 meter freestyle relay and 4 x 100 meter medley relay.

19.     Michael Phelps has also won twenty-one (21) swimming gold medals at the World Championships and a record fifty (50) National Championship titles.

20.     Phelps has been honored as the *Sports Illustrated* Sportsman of the Year and is an ESPY award winner.

21.     Phelps has been on the cover of *Sports Illustrated*, *Time*, *GQ* and many other national publications.  Examples of magazine covers featuring Phelps are attached as <u>Exhibits A to C</u>.

22.     Today, Michael Phelps is coveted by the world's top companies as a spokesperson and earns millions of dollars a year in endorsements.  Phelps has endorsement deals with Speedo, Visa, Omega, Under Armour, PureSport and others.  Examples of national and/or international advertising campaigns involving Phelps are attached as <u>Exhibits D to H</u>.

23.     The relationship between Phelps and his primary sponsors are long lasting and pre-date his rise to fame in 2004.  For example, Phelps has been a spokesperson for Speedo since 2001, when he was 16 years old.  In 2003, Phelps and Speedo signed a much publicized long term extension which included a $1 million bonus if Phelps could win seven (7) gold medals at a single Olympic Games and tie the mythical mark set by Mark Spitz in 1972.

24.     MICHAEL PHELPS is unquestionably a well-known mark throughout the United States which has come to be associated with excellence and the world's top brands.

### Defendant's misconduct

25.     MICHAEL PHELPS was unquestionably a well-known mark in August 2008 when the Defendant became the registrant of the Disputed Domain, just two (2) days after Michael Phelps won his record setting eighth gold medal in a single Olympics

(his record fourteenth Olympic gold medal overall) and well after Michael Phelps had generated strong trademark rights in the MICHAEL PHELPS mark.

26. Defendant is a for profit corporation that offers privacy services to domain name registrants.

27. Upon information and belief, when a domain registrant engages Defendant's privacy services, the registrant transfers his or her domain name to Defendant, so that the Defendant becomes the listed registrant of the domain name. Defendant agrees to become and serve as the registrant of the domain name, making only its contact information available to the public. As the registrant of the domain names, Defendant becomes legally responsible for the domain name and arranges for the administration of the domain name, including renewing the domain name with the relevant domain name registrar. While Defendant is the legal registrant of the domain name, Defendant's customer remains a beneficiary of the domain name.

28. Upon information and belief, on or around August 19, 2008, a currently unknown party transferred the Disputed Domain to the Defendant, and the Defendant became the registrant of the Disputed Domain with the full expectation that an athlete as famous as Michael Phelps would establish a foundation.

29. Shortly after his record setting performance at the 2008 Olympic Games, Michael Phelps created the actual Michael Phelps Foundation with his well-publicized $1 million bonus from Speedo earned for winning eight gold medals in a single Olympics to grow the sport of swimming and promote healthy and active lives, especially for children.

30.     Notwithstanding the goodwill associated with Plaintiff and its MICHAEL PHELPS trademark, Defendant used the Disputed Domain in a bad faith effort to profit from the mark.

31.     Defendant's use of MICHAEL PHELPS and MICHAEL PHELPS FOUNDATION confuses the source of the Disputed Domain and creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

32.     Defendant has relied on the confusion of Internet users in operating the Disputed Domain.  Users seeking Plaintiff's website mistakenly enter the Disputed Domain into the URL field of their web browser and go to Defendant's infringing website.  Upon information and belief, Defendant has profited from the site since the site displays click-through and advertisements.

33.     The confusion that has resulted from Defendant's misconduct is manifest.

34.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## COUNT I
## CYBERSQUATTING (15 U.S.C. § 1125(d))

35.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 34 inclusive.

36.     Plaintiff has generated substantial rights in the trademark MICHAEL PHELPS in connection with its founder, Michael Phelps, the most decorated Olympian in history and one of the world's most famous athletes.

37.     Defendant, with bad faith intent to profit from Plaintiff's MICHAEL PHELPS trademark, registered, trafficked in, and used the Disputed Domain.

38. At the time the Defendant became the registrant of the Disputed Domain on or about August 19, 2008, just two (2) days after Michael Phelps won his record setting eighth gold medal at the 2008 Summer Olympics (his record fourteenth Olympic gold medal overall), the MICHAEL PHELPS mark was distinctive throughout the United States and had acquired secondary meaning through the Plaintiff's continuous use of the mark by Michael Phelps to promote the world's top brands in extensive advertising.

39. The Disputed Domain is identical or confusingly similar to THE MICHAEL PHELPS FOUNDATION mark and the MICHAEL PHELPS mark.

40. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

41. Defendant's misconduct will continue unless enjoined by this Court.

WHEREFORE, Plaintiff, THE MICHAEL PHELPS FOUNDATION, demands judgment against the Defendant DOMAINS BY PROXY, INC. and DOES 1-10, in an amount to be determined according to proof pursuant or Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. § 1117(a), (d), whichever is greater, plus interest and costs, and such other further relief as this Court deems proper.

## COUNT II
## INFRINGEMENT OF AN UNREGISTERED TRADEMARK (15 U.S.C. § 1125(a))

42. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 41 inclusive.

43. Plaintiff has generated substantial rights in the trademark MICHAEL PHELPS in connection with the most decorated Olympian in history and the Michael Phelps brand used extensively in advertising around the globe by the world's top brands.

44.     Since August 2008, Defendant has used in interstate commerce the MICHAEL PHELPS trademark and false and misleading permutations of the MICHAEL PHELPS trademark.

45.     Defendant's use of the MICHAEL PHELPS trademark and permutations thereof are likely to cause—and has in fact caused—confusion, mistake, and deception as to the origin, sponsorship, or approval of the website resolving to the Disputed Domain.

46.     The Disputed Domain is identical or confusingly similar to the THE MICHAEL PHELPS FOUNDATION mark and the MICHAEL PHELPS mark.

47.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

48.     Defendant's misconduct will continue unless enjoined by this Court.

WHEREFORE, Plaintiff, THE MICHAEL PHELPS FOUNDATION, demands judgment against the Defendant DOMAINS BY PROXY, INC. and DOES 1-10, in an amount to be determined according to proof pursuant to 15 U.S.C. § 1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark, plus interest and costs, and such other further relief as this Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1.  That this Court enter judgment against the Defendant that it has

    a.  Committed and is committing cybersquatting in violation of 15 U.S.C. § 1125(d);

    b.  Committed and is committing acts of infringement of an unregistered trademark in violation of 15 U.S.C. § 1125(a).

2. That this Court issue injunctive relief against the Defendant, requiring Defendant to transfer the Disputed Domain to Plaintiff.

3. That this Court order Defendant to pay Plaintiff's damages as follows:

   a. The greater of Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to or Plaintiff's statutory damages of $100,000 pursuant to 15 U.S.C. § 1117(a), (d);

   b. Plaintiff's damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to determined according to proof pursuant to 15 U.S.C. § 1117(a) for Defendant's willful infringement of Plaintiff's unregistered trademark;

   c. Such other damages as the Court shall deem appropriate;

   d. Interest, including prejudgment interest, on the foregoing sum.

4. That this Court grant to Plaintiff such additional relief as is just and proper.

DATED: August 17, 2010

/s/ Paul J. Greene
Paul J. Greene, Bar No. 4204
Alfred C. Frawley, Bar No. 2547
PRETI, FLAHERTY, BELIVEAU
& PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME  04112-9546
(207) 791-3000

*Attorneys for Plaintiff*
*The Michael Phelps Foundation*